IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES LINGO, | : |
|     Plaintiffs, | : |
| vs. | :    1:02-CV-215 (WLS) |
| CITY OF ALBANY DEPT. OF COMMUNITY AND ECONOMIC DEVELOPMENT, ET. AL., | : |
|     Defendants. | : |

## ORDER

Presently pending before the Court are Plaintiff's numerous motions to amend the complaint. (Tabs 56, 57, 61). Also, pending is Defendants' motion for summary judgment. (Tab 68). As Plaintiff is proceeding *pro se*, the Court notified Plaintiff in writing of the necessity of responding to the said motion. (Tab 85). For the following reasons, Plaintiff's motions to amend the complaint (Tab 56, 57, 61) are **DENIED**. Defendants' motion to for summary judgment (Tab 68) is **GRANTED**.

## DISCUSSION

This case arises out of a business loan made to Plaintiff on October 23, 1996, by the City of Albany. The loan was for Plaintiff to start and operate a pest control business. The loan amount was $25,000.00. Lingo executed a promissory note and security deed. The loan called for Plaintiff to pay the loan back at the rate of $ 531.04 starting May 1, 1997, with the final payment due on November 1, 2001.

After Lingo had made only one payment, $ 1,300 in April 2000, the City foreclosed on the loan and business. The security deed was inferior to the security deed in favor of Brown Floor Covering Company, Inc. When Plaintiff became delinquent to Brown, the City paid off the Brown loan and took possession of the property.

The instant suit was filed on December 18, 2002. (Tab 1). Lingo alleges that the City and various City employees have violated his constitutional rights. The Court has previously

granted a motion to dismiss, dismissing numerous state law claims and certain individual Defendants. The remaining claims, from the original complaint, are claims made pursuant to (1) Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d)); (2) the Fair Debt Collection Practices Act, (15 U.S.C. § 1691 *et. seq.*); (3) the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et. seq.*); (4) the Federal Trade Commission Act (15 U.S.C. 41, *et. seq.*); and, (5) The Fair Credit Reporting Act (15 U.S.C. § 1681).

Plaintiff's motions to amend the complaint are convoluted and confusing at best. The best the Court can ascertain, Plaintiff seeks to add duplicative federal claims (Tab 61), add Sam Engram as a Defendant (Tab 57) and add Johnny Hamilton as a Defendant. (Tab 56). Defendants oppose the motions to amend on numerous grounds, such as the amendments are untimely and seek to add Defendants that were previously dismissed.

## ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleadings ... by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P.. 15(a). While a district court should liberally grant motions for leave to amend the pleadings, the court has broad discretion to deny such a motion under certain circumstances. Burger King Corp. v. Weaver, 169 F.3d 1310 (11th Cir. 1999). Should a district court decide to exercise its' discretion and deny the motion to amend, the decision will not be disturbed on appeal absent a showing that the court abused its discretion. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994).

The Eleventh Circuit has recognized two instances where denial of a motion to amend the pleadings is permissible and not an abuse of discretion. The first is where granting the motion will cause undue delay in resolving the case. In this case, the time for amending the pleadings has long since expired. While the discovery order was amended at the request of the parties, the parties never asked to extend the deadline to amend the pleadings. The last date to amend the pleading was September 19, 2003. (Tab 24). Even under the amended discovery order, discovery expired on February 28, 2005, before the motions to amend were filed. (Tab 54). To allow the amendments at this stage of the litigation would cause undue delay to the

resolution of the case. The litigation would necessarily be substantially extended by the addition of new claims and defendants.

The other situation is where granting the motion would be futile. The question is argued extensively and persuasively by Defendants. By seeking to add duplicative federal claims and by trying to add individuals previously dismissed, the amendments are futile and without merit. Therefore, Plaintiff's motions to amend the complaint (Tabs 56, 57, 61) are **DENIED** on both grounds.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving

party. Fitzpatrick, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. Id. Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

Plaintiff claims that by foreclosing on the delinquent loan the City and the other Defendants discriminated against him in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d). Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C.A. § 2000(d).

Defendants argue that Plaintiff has produced no evidence that he was denied any financial assistance based on race. Other than citing to the statute, Plaintiff does not articulate how the Defendants denied him a right under Title VI. A review of the record reveals that Defendants did not deny him any funds as he was granted a loan for $25,000.00. Plaintiff asserts that two "white owned" businesses received some sort of governmental assistance for which he did not. A Defense witness testified, however, that the two white businesses received the same type of loans as did Plaintiff. Further, Plaintiff points to no other evidence, other than self-serving conclusory statements, that Defendants violated Title VI. Such statements are insufficient to defeat a motion for summary judgment. Hilburn v. Muranta Electronics North America, Inc., 181 bF.3d 1229 (11th Cir. 1999). Therefore, Defendants' motion for summary judgment (Tab 68) on the Title VI claim is **GRANTED.**

Plaintiff also brings a claim for violations of the Fair Debt Collections Act, 15 U.S.C. § 1692. Defendants argue that as a matter of law, Plaintiff cannot validly assert such a claim against them. First, the Act applies to collection efforts made by consumer collection agencies.

Dun & Bradstreet, Inc. v. McEldowney, 564 F.Supp. 257 (D.C.Idaho,1983). The debt in this case did not involve a consumer debt. The debt was a commercial or business debt and therefore is not covered by the Act. Further the Act applies to agencies collecting a debt for another not to the creditor collecting its own debt. Aubert v. American General Finance, Inc. 137 F.3d 976 (7th Cir. 1998). In this case the City was attempting to collect a debt owed to it and, therefore, was not subject to the Act. Accordingly, Defendants' motion for summary judgment on the Fair Debt Collection Act claim (Tab 68) is **GRANTED.**

Plaintiff also makes a claim under the Real Estate Procedures Settlement Act, 12 U.S.C. § 2601, *et. seq.* Defendants argue that as a matter of law the Act does not apply to loans such as the one obtained by Plaintiff, and, therefore, Plaintiff has no claim.

Defendant points out that the Act only applies to federally secured mortgages for single family dwellings. 12 U.S.C. § 2602(1)(A). Section 2606 of the Act provides that the Act does not cover or apply to mortgages for "business, commercial or agricultural purposes." 12 U.S.C. § 2606(a)(1). As Plaintiff's loan was a business loan and secured by a mortgage on his business, the Act does not apply. Since the Act does not apply, then Plaintiff can have no claim under the Act. Therefore, Defendants' motion for summary judgment on the Real Estate Settlement Procedures Act claim (Tab 68) is **GRANTED.**

Plaintiff also asserts a claim under the Federal Trade Commission Act, 15 U.S.C. 41, *et. seq.* Defendants argue as a matter of law that Plaintiff cannot assert a claim under the Act. The Federal Trade Commission adjudicates controversies involving unfair competition and before a claim can be made in federal court, the Plaintiff must first address his claim to the FTC. Moore v. New York Cotton Exchange, 270 U.S. 593, 603 (1926). As Plaintiff has not made a claim for unfair competition or sought relief before the FTC, the claim may not be brought in this Court. Therefore, Defendant's motion for summary judgment on Plaintiff's Federal Trade Commission Act claim (Tab 68) is **GRANTED.**

Lastly, Plaintiff makes a claim under the Fair Credit Reporting Act, 15 U.S.C. 1681, *et. seq.* Defendant argues that as a matter of law, Plaintiff cannot maintain such an action.

The Fair Credit Reporting Act is to protect consumers from false or inaccurate credit

reporting. Plaintiff has made no showing that Defendants have made a report to a credit reporting agency. Further, the act only applies to consumer credit reports, not to credit transactions involving business loans. Sizemore v. Bambi Leasing Corp., 360 F.Supp. 252 (N.D.Ga. 1973). Therefore, Defendants' motion for summary judgment on Plaintiff Fair Credit Reporting Act (Tab 68) is **GRANTED.**

The Clerk is ORDERED to enter judgment in favor of Defendants and against Plaintiff.

**SO ORDERED**, this  22nd  day of June, 2005.

/s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT**