**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES LINGO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1:02-CV-215-3 (WLS) |
| | : | |
| CITY OF ALBANY DEPT. OF | : | |
| COMMUNITY AND ECONOMIC | : | |
| DEVELOPMENT, ET. AL., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Presently pending before the Court is Plaintiff's  motion for a new trial.  (Tab 99).

Also, pending is Defendant City of Albany's motion for attorney's fees. (Tab 101).   For the

following reasons, Plaintiff's motion for a new trial (Tab 99) is **DENIED** and Defendant's

motion for attorney's fees (Tab 101) is **GRANTED**.

**DISCUSSION**

On June 23, 2005, the Court entered judgment in this *pro se* Title VI, and other state and

federal claims, case in favor of Defendants. (Tabs 96, 97).  In response, Plaintiff filed the

present motion for a new trial.  (Tab 99).  A review of the motion reveals that the Court should

treat the motion as a motion for reconsideration filed pursuant to Rule 7.6 of the Local Rules.

Local Rule 7.6 provides that such motions are not to be filed as a matter of course but

only when "absolutely necessary."  L.R. 7.6.  Likewise, one Court has held that motions for

reconsideration are limited to three circumstances: (1) where there is newly discovered

evidence; (2) where there is a new development or change in case law; or, (3) where the Court

needs to correct a clear error of law or fact.  Bryan v. Murphy, 246 F.Supp.2d 1256 (N.D.Ga.

2003).  A review of the motion filed by Plaintiff shows that Plaintiff does not satisfy any of the

requirements necessary for the granting of a motion to reconsider.  Plaintiff's motion is nothing

more than a reiteration of the same factual and legal assertions that the Court has addressed

previously.  Therefore, Plaintiff's motion for reconsideration, styled as a motion for new trial, (Tab 99) is **DENIED.**

Defendant the City of Albany has filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. (Tab 101).   Generally, under § 1988, attorney's fees are to be awarded to the prevailing party at the court's discretion.  Tufaro v. Willie, 756 F.Supp. 556, 560 (S.D. Fla. 1991).  Even so, the standard for deciding whether an award of fees is different for plaintiffs and defendants.  "A prevailing Plaintiff will ordinarily receive attorneys fees absent special circumstances."  Tufaro, 756 F. Supp. at 560.   However, for a court to award a prevailing defendant attorney's fees, the defendant "must show that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id.  quoting, Hughes v. Rowe, 449 U.S. 5, 14 (1980).

A review of Defendant's motion and the Court's orders, and other filings, in this case indicate that Plaintiff's case "was frivolous, unreasonable, or groundless."  Even though Plaintiff was proceeding *pro se*, and it is likely that he is judgment proof, the prevailing case law upon the record of this case compels an award of attorney's fees to Defendant.  In the order granting Defendant's motion for summary judgment, the Court found that Plaintiff's claims were legally and factually without merit.  The Court notes further that following the Court's order in favor of Defendants, Plaintiff persisted by filing the instant motion for "new trial."  In view of the Court's ruling Plaintiff could not have filed said motion in good faith. Lastly, this case is essentially the refiling of the same claims raised in Lingo v. City of Albany, 1:02-CV-208, that were dismissed on June 6, 2001.  Therefore, Defendant's motion for attorney's fees (Tab 101), should be, and hereby,  is **GRANTED.**

Defendant's attorney submitted an affidavit and billing records to substantiate the claim of attorney's fees in the amount of $11,084.00.  The amount reflects an hourly amount of $85.00 an hour which is a discount from the normal hourly rate for this type of work in this area of $100.00-$125.00.  Further, Plaintiff has not opposed the motion for attorney's fees.

In determining the appropriate amount of an award of attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary

hourly rate.  This amount, "lodestar," is then adjusted upward or downward in light of the factors identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) (<u>overruled on other grounds</u>, <u>See</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 109 S.Ct. 939, (1989)).  The Court in <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct 1541 (1984), held that most of the <u>Johnson</u> factors [1] will ordinarily be reflected in the lodestar itself, for example, time and rate, rather than in an adjustment of the lodestar.

Based upon the aforementioned information,  the Court finds that the requested rate for the attorney in this matter is well within the "prevailing market rate" for lawyers with similar qualifications and levels of experience in those locations.   Upon a careful review of the record and taking into account the actual nature of the claim, the Court finds that the amount of fees requested is reasonable and appropriate.

Accordingly, Defendant has satisfied its burden of showing that the amount of the

---

[1]    Determination of a reasonable fee is based on consideration of the factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).

1.    The time and labor expended;

2.    The novelty and difficulty of the questions raised;

3.    The skill required to properly perform the legal services rendered;

4.    The customary fee for like work;

5.    The attorney's opportunity costs in pressing the instant litigation;

6.    The time limitations imposed by the client or circumstances;

7.    The amount in controversy and the results obtained;

8.    The experience, reputation, and ability of the attorney;

9.    The undesirability of the case within the legal community in which the suit arose;

10.    The nature and length of the professional relationship between attorney and client; and

11.    The attorneys' fees awards in similar cases.

claim for attorney's fees is reasonable.  Therefore, Defendant is awarded attorney's fees in the amount of $11,084.00.

   **SO ORDERED**, this  14th  day of November, 2005.

             /s/W. Louis Sands
            **W. LOUIS SANDS, CHIEF JUDGE**
            **UNITED STATES DISTRICT COURT**